FILED
2023 Aug-21  AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TOMBIGBEE ELECTRIC COOPERATIVE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **7:22-cv-01204-LSC** |
| ) | |
| **SHELTON ENERGY SOLUTIONS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Tombigbee Electric Cooperative, Inc.'s ("Plaintiff") Motion for Leave to File Second Amended Complaint, seeking to add claims for fraudulent inducement, gross negligence, and willful misconduct against Shelton Energy Solutions, LLC ("Defendant"). (Doc. 36.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's Motion for Leave to File Second Amended Complaint is due to be **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action against the Defendant on September 16, 2022. (Doc. 1.) On September 22, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction, or, in the alternative, to file an amended complaint adequately alleging diversity of

citizenship. (Doc. 4.) In compliance with the Court's Order, Plaintiff filed its First Amended Complaint on October 3, 2022, correcting the noted deficiencies. (Doc. 6.)

This Court entered a Scheduling Order on December 6, 2022, setting February 14, 2023, as the deadline to add new claims. (Doc. 27.) Despite amending the Scheduling Order several times to extend deadlines upon joint motion of the parties, the February 14 deadline to amend pleadings was never altered. (Docs. 31, 32, 34, 35, 50, 51.) On March 8, 2023, this Court entered an Order for Mediation. (Doc. 28.) The parties attended mediation on May 30, 2023, but were unable to reach an agreement. (Doc. 33.) Just over one month later, on July 7, 2023, Plaintiff filed its Motion for Leave to File Second Amended Complaint, seeking to add new claims. (Doc. 36.)

## II. STANDARD OF REVIEW

A party may amend a pleading "as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). After the time for amending as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

When a party files a motion for leave to amend a pleading, "[t]he court should freely give leave when justice so requires." *Id*. Rule 15(a)(2) "contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton &*

*Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). Indeed, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when a motion to amend is "filed after the scheduling order's deadline, [Plaintiff] must first demonstrate good cause [to amend] under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

## III. DISCUSSION

A schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). District courts have discretion to determine whether good cause to amend exists. *Virciglio v. Work Train Staffing LLC*, 674 F. App'x 879, 885 (11th Cir. 2016); *see Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("We review for abuse of discretion the District Court's denial of [a party's] request for leave to amend.").

The Court finds the parties' good-faith efforts to resolve their dispute through mediation sufficient good cause to grant Plaintiff's motion for leave to amend. As

Plaintiff explained in its briefs, "this case has been emotionally charged for both parties," and it "did not want to heighten emotions prior to mediation by filing its additional claims." (Docs. 36 ¶ 2 and 49 at 4.) While Defendant argues that Plaintiff's explanation "does not arise to good cause under Rule 16(b)," it cites no authority for that conclusion, and the Court has found no such authority. (Doc. 45 at 6.)

Defendant asserts that Plaintiff's unexplained delay in conducting discovery does not satisfy the level of diligence required for good cause under Rule 16. (Doc. 45 at 6.) But that delay can be explained by Plaintiff's good-faith attempt to avoid causing unnecessary expenses, based on a belief that "the case could be settled early on." (Doc. 36 ¶ 2.) Plaintiff's unrebutted submission that "there is no evidence of either party acting in ways to delay the start of discovery or to delay the completion of the discovery process" suggests such good faith. (Doc. 49 at 2.)

Having found good cause to grant Plaintiff's motion for leave to amend, Rule 15 requires this Court to freely grant such leave unless there is substantial reason to deny it. Defendant advances three reasons: (1) the motion is untimely; (2) Defendant would be unduly prejudiced; and (3) the amendment would be futile.

First, Defendant is correct that Plaintiff's motion is untimely under the Scheduling Order. The Order provides, "No causes of action may be added by plaintiff after 2/14/2023." (Doc. 27 ¶ 1.) Plaintiff now seeks to add causes of action

past the deadline. However, that same Order provides further, "Parties and counsel are expected to abide by these limits and the court will not modify the limits *except for good cause*." (*Id.* at 1 (emphasis added).) As explained, the Court has found good cause to modify the schedule.

Second, Defendant argues that, if it is barred from reopening depositions of Plaintiff's witnesses, it would be unduly prejudiced by Plaintiff's amended complaint. The Court disagrees. A review of the record reveals that Plaintiff's new claims are all supported primarily by the same allegations appearing in Plaintiff's First Amended Complaint—namely, alleged misrepresentations by Defendant's representative. (*Compare* doc. 6 ¶¶ 45–50 *with* doc. 49 at 23–27.) Thus, Defendant was on notice of the relevant allegations and should have obtained the necessary discovery in defense of Plaintiff's original fraud, deceit, and misrepresentation claims. Nevertheless, the Court will consider any motion by Defendant to re-open depositions; Plaintiff has indicated "it has no objection to doing so." (Doc. 51 at 4.)

Third and finally, Defendant argues that amendment would be futile because Plaintiff "contorts an indemnity provision in the Professional Services Agreement … to create causes of action wholly unsupported by the indemnity provision." (Doc. 44 at 1–2.) But Plaintiff's claims do not rely on the indemnity provision to *create* causes of action. Rather, Plaintiff's claims attempt to plead around the indemnity provision—as Defendant notes, the new claims "add what is tantamount to

affirmative defenses." (*Id.* at 12.) While Defendant may eventually prove correct the futility of Plaintiff's claims, such an adjudication is premature at this juncture.

## IV. CONCLUSION

The Court finds that Plaintiff has demonstrated good cause to amend its complaint. Finding no substantial reason to deny it, Plaintiff's Motion for Leave to File Second Amended Complaint (doc. 36) is therefore **GRANTED**.

**DONE** and **ORDERED** on August 21, 2023.

L. Scott Coogler
United States District Judge

215647